UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LENIN DEL ROSARIO CRUZ
GUTIERREZ,

           Petitioner,

v.

KEVIN RAYCRAFT et al.,

           Respondents.
_____/

Case No. 1:26-cv-243

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action, "declare that 8 U.S.C. § 1226(a)—and not 8 U.S.C. § 1225(b)(2)(A)—is the appropriate statutory provision that governs Petitioner's detention," and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing under § 1226(a). (Pet., ECF No. 1, PageID.29–30.)

In an order entered on January 23, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 28, 2026, (ECF No. 4), and Petitioner filed his reply on February 1, 2026, (ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Nicaragua. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 4-1, PageID.45.) Petitioner entered the United States on March 23, 2021, as a B-1 Temporary Business Visitor "with authorization to remain in the United States for a temporary period not to exceed September 22, 2021." (NTA, ECF No. 4-1, PageID.45; 2022 Form I-213, ECF No. 4-2, PageID.50.)

On March 25, 2022, Petitioner and his family presented themselves to the Detroit ICE office. (*See* 2022 Form I-213, ECF No. 4-2, PageID.50.) At that time, ICE issued Petitioner a Form I-862, NTA, charging Petitioner with removability under Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(B) . . . [because he] ha[d] remained in the United States for a time longer than permitted." (NTA, ECF No. 4-1, PageID.45.) ICE then released Petitioner into the United States on his own recognizance. (*Id.*, PageID.51.)

On January 5, 2026, ICE took Petitioner into custody when he attended a scheduled ICE check-in appointment. (Pet., ECF No. 1, PageID.2.) There is no indication in the record presently before the Court that any hearing in Immigration Court is scheduled for Petitioner.

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

As relief in this action, Petitioner asks the Court to "declare that 8 U.S.C. § 1226(a)—and not 8 U.S.C. § 1225(b)(2)(A)—is the appropriate statutory provision that governs Petitioner's detention" and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing under § 1226(a). (Pet., ECF No. 1, PageID.29–30.) Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States, and they concede that they would provide a § 1226(a) bond hearing to Petitioner if Petitioner requested it. (Resp., ECF No. 4, Page 39–41.) There is no indication in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. In light of Respondents' concession that, if requested, Petitioner would receive § 1226(a) bond hearing,

which is the relief that Petitioner seeks in this action, the Court will dismiss this action without prejudice.[1]

## V.     Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: February 12, 2026                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If contrary to Respondents' concession in their brief, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.